UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

_____

**ZOHAIB MOHAMMED**,

        Plaintiff,

vs.

**MCCARTHY, BURGESS & WOLFF, INC.**, an Ohio corporation,

        Defendant.
_____

**COMPLAINT**

Civ. No.

Trial by Jury is Demanded

Plaintiff, ZOHAIB MOHAMMED (hereinafter referred to as "PLAINTIFF"), by and through undersigned counsel, alleges upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, and brings this complaint against Defendant, MCCARTHY, BURGESS & WOLFF, INC. (hereinafter referred to as "DEFENDANT") and in support thereof alleges the following:

**PRELIMINARY STATEMENT**

1.    PLAINTIFF brings this action for actual and statutory damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*.  DEFENDANT contacted PLAINTIFF by telephone after being expressly told to not do so.

**JURISDICTION AND VENUE**

2.    The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).

3.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the Eastern District of Texas.

## PARTIES

4. PLAINTIFF is a natural person residing in Plano, Texas.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer "debt" as defined by 15 U.S.C. § 1692a(5).

7. DEFENDANT was formed in Ohio, the principal purpose of whose business is the collection of debts, with a principal place of business at 26000 Cannon Road, Cleveland, Ohio, 44146.

8. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10. In November, 2016, DEFENDANT began contacting PLAINTIFF in an attempt to collect a consumer debt from PLAINTIFF.

11. On or about November 26, 2016, PLAINTIFF sent a letter to DEFENDANT disputing and requesting verification of the alleged debt, a true and correct copy of which is attached as **Exhibit 1**.

12. In this letter, PLAINTIFF also requested that all future communications be done in writing. *Id.*

13. Nevertheless, on or about April 5, 2017, DEFENDANT called PLAINTIFF asking if he planned on paying this debt.

## **FIRST CLAIM FOR RELIEF**

### **VIOLATIONS OF THE FDPCA 15 U.S.C. §§ 1692c(a)(2); 1692d BROUGHT BY PLAINTIFF INDIVIDUALLY**

14. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 13 inclusive, above.

15. A debt collector may not communicate with a consumer at "a time or place known or which should be known to be inconvenient to the consumer." 15 U.S.C. § 1692c(a)(1).

16. "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

17. On or about November 26, 2016, PLAINTIFF sent a letter to DEFENDANT disputing and requesting verification of the alleged debt. Ex. 1.

18. In this letter, PLAINTIFF also requested that all future communications be done in writing. *Id.*

19. Nevertheless, on or about April 5, 2017, DEFENDANT called PLAINTIFF asking if he planned on paying this debt.

20. By communicating with PLAINTIFF via telephone after receiving PLAINTIFF's request that all further communications be in writing, DEFENDANT communicated with PLAINTIFF in a manner known to be inconvenient to the consumer, and therefore violated 15 U.S.C. § 1692c(a)(1).

21. By continuing to call PLAINTIFF in this matter, despite his request for written communication, DEFENDANT engaged in conduct the natural consequence of which is to harass, oppress, or abuse the consumer, in violation of 15 U.S.C. § 1692d.

22.     As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

23.     It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

### DEMAND FOR JURY TRIAL

24.     Please take notice that PLAINTIFF demands trial by jury in this action.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and that judgment be entered against DEFENDANT for the following:

(1)     For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(2)     For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3)     For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(4)     For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(5)     For any and all other relief this Court may deem appropriate.

Dated this 2nd day of May 2017

Respectfully Submitted,

**GESUND & PAILET, LLC**

/s/ Keren E. Gesund

KEREN E. GESUND
LA SBN 34397
**GESUND & PAILET, LLC**

1400 Preston Road
Suite 400
Plano, TX 75093
Tel: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com
*Attorney for Plaintiff*